IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

*Newport News Division*

```
FILED
IN OPEN COURT

JUN  1  0 2024

CLERK, U.S. DISTRICT COURT
NEWPORT NEWS, VA
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 4:24-cr-38 |
| | ) | |
| v. | ) | 18 U.S.C. §§ 1014 and 2 |
| | ) | False Statements to a Mortgage |
| JONATHAN W. MANNON, | ) | Lender |
| | ) | (Counts 1-5) |
| Defendant. | ) | |
| | ) | 18 U.S.C. §§ 1343 and 2 |
| | ) | Wire Fraud |
| | ) | (Counts 6-8) |
| | ) | |
| | ) | 18 U.S.C. §§ 981(a)(1)(C) & 982(a)(1) |
| | ) | Asset Forfeiture |
| | ) | |

## INDICTMENT

June 2024 Term – at Newport News, Virginia

THE GRAND JURY CHARGES THAT:

### GENERAL ALLEGATIONS

1.      The Department of Veteran's Affairs ("VA") is a department of the United States Government responsible for providing services and benefits to American military service members, veterans, and their families.

2.      The VA's services and benefits include issuing loan guaranties for home mortgages of qualifying servicemembers and veterans. These guaranties are made to uniform service personnel as well as eligible veterans and reservists who served a specified period of time and were discharged with a favorable characterization of service.

3.      Through a VA loan guaranty, the VA guarantees part of the total home loan, permitting the purchaser to obtain a mortgage with a more desirable interest rate, even without a down payment.

4.     The VA is not the mortgage lender itself. The mortgage lender of the loan is protected against loss up to the amount of the guaranty if the borrower fails to repay the loan.

5.     Veterans United Home Loans, headquartered in Columbia, Missouri, is a mortgage lender that finances debt secured by an interest in real estate and whose activities affect interstate commerce.

6.     The VA designates some mortgage lenders, including Veterans United Home Loans, as a Non-Supervised Automatic Lender. This designation gives lenders automatic authority to close VA-guaranteed loans without prior approval of the VA.

7.     Non-Supervised Automatic Lenders require applicants to provide truthful information and supporting documentation about the applicant's financial condition, source of income, intention to occupy the property, and military status, which is material to a lender's approval of a VA guaranteed mortgage loan.

8.     The COVID-19 Veterans Assistance Partial Claim Payment program was a temporary program administered by the VA to help veteran-borrowers who suffered a COVID-19 financial hardship. Under the program, the VA would assist veteran-borrowers by purchasing the veteran-borrower's indebtedness from the mortgage lender and create a second, interest-free mortgage on the property. No payments on the second interest-free mortgage would be due until the home was either paid off, refinanced, or sold. Such a purchase was called a partial claim payment.

9.     JONATHAN MANNON, the defendant herein, lived in Portsmouth, Virginia in the Eastern District of Virginia.

10.     The defendant served in the United States Army from on or about October 4, 2017 to on or about May 5, 2021.

11.    On or about January 19, 2021, the defendant was notified that discharge proceedings had been initiated against him.

12.    While the defendant was in the process of being discharged from the United States Army, he began the process of applying for a mortgage through Veterans United Home Loans, backed by a VA guaranty.

13.    On or about May 5, 2021, the defendant was discharged from the United States Army because of misconduct and his service was characterized as Under Honorable Conditions (General).

14.    On or about May 15, 2021, the defendant submitted a document to Veterans United Home Loans, where he stated he intended to re-enlist before the end of his current contract. As of the date of submission, the defendant had been discharged from the United States Army and was not eligible for reenlistment.

15.    On or about June 7, 2021, the defendant submitted a document titled, "Covid Attestation" to Veterans United Home Loans, where he attested that the income documentation he had submitted had not changed and that he was not aware of any future changes in his employment status or income that would affect his ability to repay the loan. As of the date of submission, the defendant had been discharged from the United States Army.

16.    On or about June 7, 2021, the defendant submitted a document titled, "Borrower's Certification & Authorization" to Veterans United Home Loans, where he certified that his employment and income information was true and complete, that he did not make misrepresentations in the loan application, and that he did not omit any pertinent information. As of the date of submission, the defendant had been discharged from the United States Army.

17.    On or about June 8, 2021, the defendant submitted a Uniform Residential Loan Application, where he falsely represented that he was currently serving on active duty in the United

3

States Army as an E-3. As of the date of submission, the defendant had been discharged and released from active duty.

18.     On or about June 8, 2021, the defendant submitted VA Form 26-1820, where he certified that he had not been discharged or released from active duty. As of the date of submission, the defendant had in fact been discharged and released from active duty.

19.     As a result of the scheme and artifice to defraud, the defendant fraudulently obtained a loan for the amount of $230,175.00 from Veterans United Home Loans with an initial VA guaranty in the amount of $57,543.75.

20.     Thereafter, the defendant defaulted on the loan and subsequently applied for, and was granted, admittance into VA's COVID-19 Veterans Assistance Partial Claim Payment program due to a financial hardship. As a result, the VA paid the lender $65,965.98, which purchased the defendant's indebtedness and applied the remaining amount against the principal balance of the loan. This payment created a second, interest-free mortgage on the property.

21.     The defendant later received an additional loan modification, which adjusted VA's guaranty to approximately $46,019.94, creating a potential loss to the VA in the amount of $111,985.92.

22.     The fair market value of MANNON's home is estimated at $274,000 as of 2023, Quarter 4.

## THE SCHEME AND ARTIFICE

23.     From on or about March 26, 2021, to on or about June 8, 2021, the defendant herein, devised a scheme and artifice to defraud and obtain money or property by means of materially false and fraudulent pretenses, representations and promises.

24.     It was the object of the scheme and artifice that the defendant sought and obtained a loan from Veterans United Home Loans and a guaranty for that loan from the VA, by making materially false representations about his eligibility and income for a benefit program.

25.     It was further part of the scheme and artifice that the defendant falsely represented to his victim that he was receiving income as an active-duty military member in the United States Army.

26.     It was further part of the scheme and artifice that the defendant falsely represented an intention of re-enlisting in the United States Army when in fact he had been discharged from the United States Army because of misconduct and was not eligible for reenlistment.

27.     It was further part of the scheme and artifice that the defendant caused electronic transfers of information to occur between locations in the Eastern District of Virginia and terminals and/or computer servers located outside the Commonwealth of Virginia.

## COUNTS ONE THROUGH FIVE
(False Statements to a Mortgage Lender)

THE GRAND JURY FURTHER CHARGES THAT:

1.     The factual allegations contained in the General Allegation section (including "The Scheme and Artifice" section) are incorporated herein by reference as if set out in full.

2.     On or about the dates and in connection with the loan application set forth below, in the Eastern District of Virginia and elsewhere, JONATHAN W. MANNON, the defendant herein, aided and abetted by others known and unknown, knowingly made false statements and reports for the purpose of influencing a mortgage lending business, in connection with an application, advance, discount, purchase agreement, repurchase agreement, and loan, as follows:

| Count | Date (On or about) | False Statements |
|---|---|---|
| 1 | May 15, 2021 | MANNON submitted a document stating he intended to reenlist with the following representation: "It is my intention to reenlist before the end of my current contract." |
| 2 | June 7, 2021 | MANNON submitted a document, titled Covid Attestation where he attested: "That the income documentation submitted by you for qualification purposes is unchanged...You are not aware of any future changes in your employment status and/or income that will affect your ability to repay." |
| 3 | June 7, 2021 | MANNON submitted a document, titled Borrower's Certification & Authorization where he certified: "I/we completed a loan application containing various information on the purpose of the loan, the amount and source of the down payment, employment and income information, and assets and liabilities. I/We certify that all of the information is true and complete. I/We made no misrepresentations in the loan application or other documents, nor did I/we omit any pertinent information." |
| 4 | June 8, 2021 | MANNON submitted the Uniform Residential Loan Application, wherein he stated his employer was the United States Army and his position or title was E3. In the same document, in a response to the question, "Did you (or your deceased spouse) ever serve, or are you currently serving in the United States Armed Forces," MANNON checked the box which stated, "Currently serving on active duty with projected expiration date of service/tour 10/03/2021." |

6

| 5 | June 8, 2021 | MANNON submitted VA Form 26-1820 where he signed and certified: "I certify that I have not been discharged or released from active duty since the date my Certification of Eligibility was issued." |

(In violation of Tile 18, United States Code, Sections 1014 and 2.)

<u>COUNTS SIX THROUGH EIGHT</u>
(Wire Fraud)

THE GRAND JURY FURTHER CHARGES THAT:

1.      The factual allegations contained in the General Allegation section (including "The Scheme and Artifice" section) are incorporated herein by reference as if set out in full.

2.      On or about the dates and in the manner set forth below, JONATHAN W. MANNON, the defendant herein, aided and abetted by others known and unknown, having devised and intended to devise a scheme and artifice to defraud and for obtaining money and property by means of materially false, fraudulent, and fictious pretenses, representations, and promises, and, for the purpose of executing the aforesaid scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations and promises, in the Eastern District of Virginia and elsewhere, did knowingly and willfully transmit and cause to be transmitted by means of wire communication in interstate commerce, the following certain signs, signals, and sounds, as set forth in the table below, to/from or through computers and terminals in the Eastern District of Virginia from/to or through computers and terminals located outside the Commonwealth of Virginia.

| Count | Date of Wire Transmission (On or about) | Location | Description of Wire Transmission |
|-------|------------------------------------------|----------|-----------------------------------|
| 6 | May 17, 2021 | Defendant (Fort Eustis, VA<br><br>to<br><br>Veterans United Home Loans (Chicago, Illinois) | MANNON logged into the Veterans United Home Loans online portal triggering a wire to be transmitted from his home address to the lender, Veterans United Home Loans. |
| 7 | May 24, 2021 | Defendant (Fort Eustis, VA)<br><br>to | MANNON logged into the Veterans United Home Loans online portal triggering a wire to be transmitted from his home address to the lender, Veterans United Home Loans. |

| | | | |
|---|---|---|---|
| | | Veterans United Home Loans (Chicago, Illinois) | |
| 8 | June 2, 2021 | Defendant (Fort Eustis) to Veterans United Home Loans (Chicago, Illinois) | MANNON logged into the Veterans United Home Loans online portal triggering a wire to be transmitted from his home address to the lender, Veterans United Home Loans. |

(In violation of Tile 18, United States Code, Sections 1343 and 2.)

## FORFEITURE

THE GRAND JURY FURTHER FINDS PROBABLE CAUSE THAT:

1.    The defendant, if convicted of any of the violations alleged in Count One through Count Five of this Indictment, shall forfeit to the United States, as part of sentencing pursuant to Federal Rule of Criminal Procedure 32.2, any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of the violation.

2.    The defendant, if convicted of any of the violations alleged in Count Six through Count Eight of this Indictment, shall forfeit to the United States, as part of sentencing pursuant to Federal Rule of Criminal Procedure 32.2, any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

3.    If any property that is subject to forfeiture above is not available, it is the intention of the United States to seek an order forfeiting substitute assets pursuant to Title 21, United States Code, Section 853(p) and Federal Rule of Criminal Procedure 32.2(e).

4.    The property subject to forfeiture includes, but is not limited to, the following:

      a.    A monetary judgment in an amount of not less than $230,175, representing the proceeds the defendant obtained from the violations alleged in this indictment.

(In accordance with Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2)(A); Title 28, United States Code, Section 2461(c).)

*United States v. Jonathan W. Mannon*
Criminal No. 4:24-cr-__38__

Pursuant to the E-Government Act, the original of this page has been filed under seal in the Clerk's Office.

A TRUE BILL:

REDACTED COPY

_____
FOREPERSON

JESSICA D. ABER
UNITED STATES ATTORNEY


By: _____
    Therese O'Brien
    Assistant United States Attorney
    Eastern District of Virginia
    11815 Fountain Way, Suite 200
    Newport News, Virginia 23606
    Tel. (757) 591-4027
    Fax: (757) 591-0866
    Email: therese.o'brien@usdoj.gov


By: _____  For
    D. Mack Coleman
    Assistant United States Attorney
    United States Attorneys' Office
    11815 Fountain Way, Suite 200
    Newport News, Virginia 23606
    Phone: (757) 591-4028
    Fax: (757) 591-0866
    Email: mack.coleman@usdoj.gov

11